UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTTY L. WALL,

                Plaintiff,

                                          VERIFIED COMPLAINT
                                          AND DEMAND FOR
                                          JURY TRIAL

      v.

CHARTER COMMUNICATIONS, INC.,
f/k/a TIME WARNER CABLE, INC.,              Civ. No.
d/b/a SPECTRUM

                Defendant.

---

## PRELIMINARY STATEMENT

      Plaintiff, Scotty L. Wall, (African American) seeks redress for employment discrimination and wrongful termination suffered by him while employed by defendant, Charter Communications, Inc., f/k/a Time Warner Cable, Inc., d/b/a Spectrum, (hereinafter referred to as "Time Warner"). Defendant Time Warner violated plaintiff's statutory and constitutional rights by discriminating against plaintiff on account of his race, age and disability.

      This action is bought for discrimination in employment pursuant to:

      A. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

      B. Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment

Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

C. Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

D. Article 15 of the New York Executive Law § 296.

## PARTIES

1. At all times hereinafter mentioned, plaintiff, Scotty L. Wall was and remains a resident of the County of Monroe, State of New York.

2. Upon information and belief, defendant, Charter Communications, Inc. was and is a Foreign Business Corporation organized under the laws of the state of Delaware and authorized to do business in the State of New York.

## JUDISDICTION AND VENUE

3. Jurisdiction is specifically conferred upon the United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriated under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and pursuant to 28 U.S.C. § 1367(a), and any related claims under New York law including New York State Human rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

4. Venue for this matter has been properly laid in the Western District of New York pursuant to 28 U.S.C. §1391.

5. The acts of unlawful employment discrimination and termination were committed within the State of New York.

## COMPLIANCE WITH THE JURISCICTIONAL REQUIREMENTS OF TITLE V11

6. On or about May 31, 2017, plaintiff filed a Charge of Employment Discrimination with the New York State Division of Human Rights ("Division"), which was duly filed with the United States Equal Employment Opportunity Commission ("EEOC") and received by that office on June 5, 2017. See Exhibit A attached hereto.

7. On November 15, 2018, John E. Thompson, Jr., EEOC Director, Buffalo Local Office issued a Determination that "reasonable cause exists to believe that charging party was wrongfully terminated because of his race/Black in violation of title VII of the Civil Rights Act of 1964, as amended, because of his disability in violation of the Americans with Disabilities Act of 1990, as amended, and because of his age, over 50, in violation of the Age Discrimination in Employment Act" See Exhibit B attached hereto.

8. Plaintiff received a Right to Sue Letter from the EEOC, which was mailed to Plaintiff on Friday, February 22, 2019 (See Exhibit C attached hereto) and plaintiff files this action within ninety (90) days of receipt thereof.

9. Defendant, Time Warner is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees.

10. Defendant, Time Warner is a corporation and "person" within the meaning of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e-(a).

## FACTUAL ALLEGATIONS

11. Plaintiff, an African American, began his employment with Time Warner on or about March 23, 1992.

12. On or about January 25, 2017, plaintiff was unlawfully terminated based on his race, age and/or disability.

13. At the time of his termination, plaintiff worked as a Retail Sales Supervisor.

14. During his 23 year tenure at Time Warner plaintiff maintained a good employment record.

15. During his tenure he also received very good performance reviews.

16. From April 2016 to September 2016 Mr. Wall was out of work due to his disability, i.e. a brain tumor that required radiation treatments.

17. When he returned to work, the company policy regarding the use by employees of company cars changed.

18. While other employees were given up to two weeks to turn in their company cars, plaintiff's request for 24 hours in order to have his personal vehicle taken care of so as to accommodate his disability and not disrupt his family situation was denied.

19. Mr. Wall then asked to rent a vehicle as another employee had requested (caucasian female under 35 years old with no disability) and whose request was granted, but he was denied.

20. Another failure to accommodate plaintiff's disability upon his return from medical leave was Mr. Wall's transfer from the East Rochester office where most of his employees and stores were located, to Batavia, thereby requiring a much longer commute and added stress to his recovery.

21. In addition, Mr. Wall's surroundings in Batavia were devoid of the proper and necessary equipment he needed to optimally perform his job.

22. The transfer of Mr. Wall to Batavia was because his East Rochester office was being given to a young Caucasian female.

23. Another discriminatory action toward Mr. Wall due to his disability related to his requested two weeks vacation at the end of December 2016.

24. Although the two weeks was earned time he was denied this vacation time unless he chose to work from home, which he did.

25. During the time of Charter's takeover of Time Warner plaintiff was older than 50 and thereby protected from age discrimination under the ADEA, of 1967.

26. Also during this time period a hostile work environment was developing for employees older than 40 who were tenured and who had higher salaries and benefits.

27. Mr. Wall was a part of that protected group and who were being pressured to leave Time Warner before they were ready in order to be replaced by younger employees at lower salaries.

28. A white male age 31 who Mr. Wall trained was promoted to manager over Mr. Wall when Mr. Wall returned from medical leave.

29. Another white male under the age of 33 was hired to replace Mr. Wall.

30. And again, a 35 year old white female was able to rent a car when company cars had to be returned yet Mr. Wall's request for same was denied.

31. The discriminatory acts against Mr. Wall based upon his age and disability were also based upon his race.

32. Ultimately, Mr. Wall was terminated on January 25, 2017 for an alleged violation of Time Warner's Violence Prevention Policy and Standards of Business Conduct (there was no violation by Mr. Wall) when a younger Caucasian manager who actually violated the policy was not disciplined or terminated.

33. Through Mr. Wall's investigation, he uncovered a safety issue and promptly reported to Time Warner that a subordinate made a safety complaint.

34. Time Warner was also made aware by the injured subordinate that a younger Caucasian manager had been informed about the same safety claim prior to Mr. Wall being informed, but that this manager failed to take any action to investigate or otherwise resolve the complaint.

35. The Caucasian manager was not disciplined or terminated despite his failure and breach of Time Warner Policy.

36. Mr. Wall was terminated even though he followed Time Warner Policy and did so timely.

37. In addition, although Time Warner had a progressive disciplinary policy in place during Mr. Wall's employment, Mr. Wall was not subjected to progressive disciplinary actions prior to his termination.

**AS AND FOR A FIRST CAUSE OF ACTION**

38. Plaintiff repeats and realleges paragraphs "1" through "37" of the Complaint as if fully set forth herein.

39. Plaintiff was an Employee of Time Warner under the Americans with Disabilities Act.

6

39. Plaintiff was an Employee of Time Warner under the Americans with Disabilities Act.

40. Time Warner was a Covered Entity as defined by 42 U.S.C. § 12111 (2).

41. Plaintiff had a medical impairment which rendered him a qualified individual with a Disability under the ADA.

42. Defendant Time Warner failed to provide Mr. Wall with reasonable accommodations so he could perform the essential functions of his job.

43. Defendant Time Warner discriminated against plaintiff due to his disability and in favor of non-disabled employees in the terms and conditions of his employment.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Plaintiff repeats and realleges paragraphs 1-43 as if fully set forth herein.

45. Defendants Time Warner deprived plaintiff of his rights to equal treatment in employment and his right to be free from unlawful discrimination in the place because of his race/the color of his skin.

## AS AND FOR A THIRD CAUSE OF ACTION

46. Plaintiff repeats and realleges paragraphs 1-45 as if fully set forth herein.

47. Defendants Time Warner deprived plaintiff of his rights to equal treatment in employment and his right to be free from unlawful discrimination in the place because of his age.

Wherefore, plaintiff Scotty L. Wall demands judgement against Time Warner for the following:

## TRIAL BY JURY

48. Plaintiff demands a trial by jury on all claims properly triable by a jury.

A. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses including back pay and front pay;

B. Compensatory damages;

C. Liquidated damages;

D. Punitive damages;

E. An award of reasonable attorneys' fees, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Plaintiff;

F. An award of pre and post judgment interest;

G. Any and all other relief this court deems just and proper.

Dated: May 23, 2019

Rochester, New York

**BROWN HUTCHINSON LLP**

By: *Michelle A. Hutchinson*
Michelle A. Hutchinson, Esq.
Attorneys for Plaintiff
925 Crossroads Building
Two State Street
Rochester, New York 14614
Telephone: (585) 454-5050
Fax: (585) 454-5066
mhutchinson@brownhutchinson.com

8

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE )   ss:

**SCOTTY L. WALL**, being sworn, deposes and says that he is the plaintiff in the within action, that he has read the contents of the foregoing instrument; that the same is true to his own knowledge, except as to the matters, if any, therein stated to be alleged on information and belief, and that as to those matters he believes them to be true.

_____
SCOTTY L. WALL

Sworn to before me this

23rd day of May, 2019.

_____
Notary Public

MICHELLE A. HUTCHINSON
NOTARY PUBLIC, State of New York
Registration No. 02HU6180698
Qualified in Monroe County
Commission Expires January 14, 2020

9